UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONNA GOGREVE                                                    CIVIL ACTION

versus                                                                    No. 05-2112

DOWNTOWN DEVELOPMENT
DISTRICT, *et al.*                                                 SECTION:  I/4

ORDER AND REASONS

Before the Court is the motion of defendant, the City of New Orleans ("City"), for

judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1]  The

City argues that it cannot be held liable for plaintiff's discrimination claims pursuant to federal

and Louisiana law.  For the following reasons, defendant's motion is **GRANTED**.

The facts of this case were previously detailed in this Court's order of March 30, 2006.[2]

Plaintiff, Donna Gogreve, was employed by the Downtown Development District ("DDD"), an

agency of the City.  On June 6, 2005, plaintiff filed a complaint against the DDD, the DDD's

Board of Commissioners ("Board"), the Executive Director of the DDD, and the City, alleging

---

[1]Rule 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any
party may move for judgment on the pleadings."

[2]*See* Rec. Doc. No. 49, pp. 1-4.

1

race, gender, and age discrimination pursuant to federal and state law.[3]  She also brought claims

for retaliatory discharge, hostile work environment, intentional infliction of emotional distress,

and defamation, *inter alia.*

On August 15, 2005, the DDD and the Board filed a motion to dismiss,[4] which the Court

granted in part and denied in part.  The Court's order dismissed plaintiff's claims relating to

alleged violations of the Louisiana Code of Governmental Ethics, her Title VII claims against

the Board, and her claims pursuant to La. Rev. Stat. § 23:967 against the Board.  In the order, the

Court also noted that plaintiff had voluntarily dismissed her claims for age, gender, and disability

discrimination pursuant to federal and state law, as well as her claim relating to defendants'

intentional infliction of emotional distress.[5]

Plaintiff was employed by the DDD.[6]  In its previous order, the Court rejected plaintiff's

argument that the Board could also be liable for her Title VII and § 23:967 claims according to a

"joint employer" theory.[7]  The City now contends that it should not be liable for these claims for

_____

[3]Rec. Doc. No. 1.

[4]Rec. Doc. No. 14.

[5]Rec. Doc. No. 49, p. 6.

[6]Rec. Doc. No. 60.

[7]The Court's previous order stated, in pertinent part:

[The DDD and the Board] also contend that plaintiff's claims should fail because the
Board is not her employer [as defined by Title VII]. . . . In response, plaintiff argues that the Board
is a "joint employer" of plaintiff, along with the DDD and the City.  Plaintiff cites the Fifth
Circuit's explanation in *Trevino v. Celanese Corp.*, 701 F.2d 403-04 (5th Cir. 1983) . . . . The
"joint employer" test laid out in *Trevino* is not appropriate to analyze the relationship between the
Board, the DDD, and the City.  As the *Trevino* court stated, this "standard is not readily applicable
to governmental subdivisions, for it was developed by the National Labor Relations Board to
determine whether consolidation of separate *private* corporations is proper in determining the
relevant employer for purposes of enforcing the National Labor Relations Act."  701 F.2d at 404
n.10 (internal quotation and citation omitted).  *See also Owens v. Rush*, 636 F.2d 283, 286 n.2
(10th Cir. 1980) (finding no need to apply the "consolidation doctrine" where defendants had a
relationship "more analogous to a department and the corporation it operates within than to

the same reasons.[8]

 The Court finds no reason to depart from its previous ruling, and plaintiff has offered no new argument to support its "joint employer" contentions.  Indeed, the relevant portion of plaintiff's opposition to the City's motion merely reiterates the arguments she presented in her response to the motion to dismiss filed by the DDD and the Board, and she does not respond in any meaningful way to the reasoning presented in the Court's previous decision ruling against her.  Plaintiff also fails to make any argument to suggest a reason why the Court's disregard of her Title VII "joint employer" theory should not also apply to vitiate her § 23:967 claim as well.

 Plaintiff also argues in her opposition that the City should be considered when judging the DDD as a Title VII employer.[9]  This issue is not before the Court in the present motion and will not be decided at this time.

 Accordingly,

---

separate corporate entities"); *Dumas v. Town of Mount Vernon*, 612 F.2d 974, 980 n.9 (5th Cir. 1980) (declining to apply the "joint employer" standard as to municipal, county, and state defendants).

. . . .

 Defendants also state that plaintiff's claims against the Board pursuant to Louisiana anti-discrimination law, La. Rev. Stat. § 23:967, should be dismissed for the same reasons.  "While the Louisiana Supreme Court has not spoken directly on whether [the Title VII] framework applies to § 23:967 cases, Louisiana courts have often looked to federal anti-discrimination jurisprudence in interpreting Louisiana's anti-discrimination statutes."  *Smith v. AT&T Solutions, Inc.*, 90 Fed. Appx. 718, 723 (5th Cir. 2004); see also *Nichols v. Grocer*, 138 F.3d 563, 566 (5th Cir. 1998); *Moody v. Weatherford U.S., Ltd. P'ship*, 821 So. 2d 780, 783 (La. Ct. App. 2d 2002) ("Because the Louisiana and federal anti-discrimination statutes are similar in scope, courts may consider federal jurisprudence when construing state law.").  Plaintiff does not offer any specific fact or argument to suggest that the above reasoning should not apply to her claim against the Board pursuant to § 23:967.  As a result, the Court finds no reason why her state law discrimination claim should not be dismissed against the Board as well.

Rec. Doc. No. 49, pp. 7-9 (footnotes omitted).

[8]*See* Rec. Doc. No. 53, p. 3.

[9]Title VII defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person."  42 U.S.C. § 2000e(a).

**IT IS ORDERED** that the motion of defendant, the City of New Orleans ("City"), for judgment on the pleadings against plaintiff, Donna Gogreve, is **GRANTED**.  Plaintiff's claims against the City pursuant to Title VII and La. Rev. Stat. § 23:967 are **DISMISSED**.

New Orleans, Louisiana, July __17th__, 2006.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

4